NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 9 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



JULIANA XITUMUL-TECU; GENESIS XITUMUL-TECU,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-5394

Agency Nos.
A215-699-889
A215-699-888

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 7, 2025**

Before: OWENS, LEE, and BUMATAY, Circuit Judges.

Juliana Xitumul-Tecu and her minor daughter, both Guatemalan citizens, seek review of the Board of Immigration Appeals' (BIA) decision affirming the Immigration Judge's (IJ) denial of asylum, withholding of removal, and relief under

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Our "review is limited to the BIA's decision, except to the extent the IJ's opinion is expressly adopted." *Guerra v. Barr*, 974 F.3d 909, 911 (9th Cir. 2020). We review the BIA's legal determinations de novo, *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc), and factual findings for substantial evidence, *Garcia v. Wilkinson*, 988 F.3d 1136, 1142 (9th Cir. 2021).

1. Asylum and withholding of removal. The BIA determined that Xitumul-Tecu waived any challenge to the IJ's findings that she failed to demonstrate that (1) the government in Guatemala would be unable or unwilling to protect her from persecution, and (2) relocation within Guatemala would be neither reasonable nor feasible. Those determinations are dispositive of Xitumul-Tecu's claims for both asylum and withholding of removal. *See Davila v. Barr*, 968 F.3d 1136, 1141–42 (9th Cir. 2020); *Akosung v. Barr*, 970 F.3d 1095, 1101 (9th Cir. 2020).

Xitumul-Tecu does not challenge the BIA's determination that she failed to raise those dispositive issues below, and we will not consider arguments not exhausted before the agency. *See Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023). Therefore, we deny this part of Xitumul-Tecu's petition.

2. CAT claim. To qualify for CAT relief, Xitumul-Tecu must establish both that "it is more likely than not that . . . she would be tortured if removed," and that

any torture would be "at the instigation of, or with the consent or acquiescence of, a public official." *Hernandez v. Garland*, 52 F.4th 757, 769 (9th Cir. 2022) (quoting 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1)).

Here, Xitumul-Tecu's CAT claim fails for two reasons. First, the BIA determined that Xitumul-Tecu waived any challenge to the IJ's finding that she did not suffer past torture, and she does not contest that determination on appeal. Second, substantial evidence supports the BIA's determination that Xitumul-Tecu failed to show that the Guatemalan government would consent or acquiesce in any harm she may suffer if removed. Xitumul-Tecu did not report any past harmful conduct to the authorities, and she provided no reason to believe that the government would consent or acquiesce to any future harm to which she may be subjected. *See Hernandez*, 52 F.4th at 770 (explaining that not reporting harm to the police supports agency's determination that authorities were not aware of or willfully blind to it). We thus deny her CAT claim.

**PETITION DENIED.**